### MAITLAND *v.* GODWIN *et al.*

(*Supreme Court, General Term, First Department.* **June 3, 1892.**)

1. MORTGAGES—FORECLOSURE—DEFAULT IN PAYMENT OF INTEREST.

A mortgagee may foreclose for the whole principal sum on the nonpayment of an installment, where the mortgage provides that, if default is made in the payment of the principal or the interest, "or of any part of either," the mortgagee may sell, and out of the proceeds retain the principal and interest which shall be due on the bond, and also refers to the bond, which contains an agreement that, on nonpayment of an installment, the whole principal shall become due, at the option of the mortgagee.

2. SAME—DECREE.

Where the mortgagee, by the terms of a mortgage on a leasehold, becomes liable for water rents, taxes, and ground rents on entry and assumption of the covenants with regard thereto, the mortgagor cannot be injured by a decree authorizing the purchaser at a foreclosure sale to pay them out of the purchase money.

Appeal from special term, New York county.

Action by Margaret S. Maitland against Thomas S. Godwin, August M. Collignon, Harriet S. B. Taft, and John G. Norris to foreclose a mortgage on leasehold property. Judgment for plaintiff. Defendant Godwin appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*W. C. Dupignac,* for appellant. *Olin, Rives & Montgomery,* (*George L. Rives,* of counsel,) for respondent.

BARRETT, J. The only exception filed by the appellant is to the conclusions of law. The learned justice who tried the cause found as a fact that the defendants failed to pay part of an installment of the principal due (under the mortgage sought to be foreclosed) on the 25th day of May, 1890, and that by reason of such nonpayment the plaintiff had declared her option that the whole principal sum remaining due should become payable. To this finding there was no exception. The appellant contends that there is no provision in the mortgage that the mortgagee should have the right to foreclose for the whole principal sum upon the nonpayment of an installment. But he is in error in this respect. The mortgage refers to the bond, which contains a distinct agreement that, upon the nonpayment of an installment, the whole principal shall become due, at the option of the mortgagee; and, in addition, there is a special proviso in the mortgage that, if default shall be made in the payment of the principal or the interest, "or of any part of either," the mortgagee may sell, etc., and out of the money arising from said sale retain the principal and interest which shall be then due on the bond; that is, the whole principal, if the option given by the bond was exercised upon the nonpayment of the installment. As to the Croton water rent, taxes, and ground

rent which were unpaid at the time of the trial, the decree authorized the purchaser to pay them out of the purchase money. It is only in case the purchaser fails to avail himself of this privilege that they are payable to the plaintiff, and this is correct, as she is liable therefor, under the terms of the mortgage, upon entry and assumption of the covenants with regard thereto. In neither event can the appellant be prejudiced by the decree on that head, as, if the amounts in question have actually been paid, they will not be paid the second time, and, if unpaid, they are liens. In any event, the proper surplus will be deposited. The judgment should be affirmed, with costs.